**Aaron AGUIRRE, Petitioner-Appellant,**

v.

**Dave DAVEY, Warden, Pelican Bay State Prison, Respondent-Appellee.**

No. 15-56019

United States Court of Appeals, Ninth Circuit.

Submitted February 14, 2017 *
Pasadena, California

Filed February 17, 2017

Maxine Leone Weksler, Attorney, Maxine Weksler, Agoura Hills, CA, for Petitioner-Appellant

Mary Sanchez, Deputy Assistant Attorney General, AGCA-Office of the California Attorney General, Los Angeles, CA, for Respondent-Appellee

Before: D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Aaron Aguirre ("Aguirre") appeals the district court's judgment denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and we **AFFIRM.**

With respect to the only certified issue on appeal—whether the trial court's denial of Aguirre's motion for a new trial violated his due process rights—we note it does not

appear this claim was fairly presented to the California Court of Appeal or the California Supreme Court and may therefore implicate exhaustion concerns. *See* 28 U.S.C. § 2254(b)(1)(A). However, under 28 U.S.C. § 2254(b)(2), we may deny an unexhausted claim on the merits "when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Aguirre has failed to demonstrate that the trial court's denial of his motion for a new trial violated his due process rights or otherwise prevented him from presenting a complete defense.

The district court did not certify Aguirre's remaining claims and we therefore construe them as a motion to broaden the certificate of appealability. *See* 9th Cir. R. 22-1(e). We deny the motion. *See Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (per curium) (explaining that broadening a certificate of appealability requires a "substantial showing of the denial of a constitutional right") (quoting 28 U.S.C. § 2253(c)(2)).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.